**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tomas Moreno, | No. CV-07-1404-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| James A. Yates, warden; James Tilton, director, | |
| Defendants. | |

On February 20, 2009, Plaintiff filed a Motion for Appointment of Counsel. Dkt. #22. Plaintiff requests the appointment of counsel because he is financially unable to hire an attorney and Plaintiff lacks training in the law and the issues in this case are complex. *Id.*

There is no constitutional right to appointed counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, does have the discretion to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331(quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). "Neither of these factors is dispositive

1 and both must be viewed together before reaching a decision on request of counsel" under
2 section 1915(e)(1).  *Wilborn*, 789 F.2d at 1331.

3      Having considered both factors, the Court finds that Plaintiff has not demonstrated a
4 likelihood of success on the merits or that any difficulty he is experiencing in attempting to
5 litigate his case is due to the complexity of the issues involved.  Plaintiff was able to
6 adequately articulate his claims in his motion with the assistance of another prisoner.
7 Dkt. #22.  While Plaintiff has pointed to financial difficulties that he is experiencing, such
8 difficulties do not make his case exceptional.  The Court therefore concludes that the case
9 does not present "exceptional circumstances" warranting the appointment of counsel.

10      **IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel (Dkt. #22) is
11 **denied**.

12      DATED this 3rd day of March, 2009.

*[signature: Daniel G. Campbell]*

David G. Campbell
United States District Judge