**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tomas Moreno, | ) No. 1:07-CV-1404-DGC |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| James A. Yates, warden; James Tilton, director, | ) |
| Defendants. | ) |

On September 17, 2007, Plaintiff Tomas Moreno filed the present action under 42 U.S.C. § 1983, alleging that "Defendants allowed Plaintiff to be housed at Pleasant Valley State Prison (PVSP), even while knowing that the ground upon which PVSP rests contains the fungus spore that causes valley fever." Dkt. #1 at 3. Moreno alleges that Defendants were deliberately indifferent to his right to personal safety and health in violation of the Eighth Amendment, and, as a result, that he contracted valley fever and suffered extreme pain. *Id.* at 4. Defendant James Yates is the warden of PVSP and James Tilton is the director of the California Department of Corrections and Rehabilitation. Defendants have filed a motion for summary judgment. Dkt. #30. The motion is fully briefed. Dkt. ##32, 37. For reasons that follow, the Court will grant the motion.

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986);

*Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994).  Substantive law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Jesinger*, 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 323-24.  Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322; *see Citadel Holding Corp. v. Roven*, 26 F.3d 960, 964 (9th Cir. 1994).  The moving party need not disprove matters on which the opponent has the burden of proof at trial.  *Celotex*, 477 U.S. at 323.

Defendants make three arguments as to why they are entitled to summary judgment: (1) they did not participate in transferring Moreno to PVSP or keeping him there, (2) they were not aware of any excessive risk to Moreno and, in fact, Moreno was not exposed to an excessive risk, and (3) they are entitled to qualified immunity because Moreno's placement at PVSP did not violate clearly established law.  The Court agrees that Defendants are entitled to summary judgment because there is no evidence that Moreno was at any excessive risk.

"For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "[D]etermining whether [Plaintiff's] conditions of confinement violate the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [valley fever spores].  It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not

1  one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993)
2  (emphasis in original).

3  Defendants argue that "Moreno's placement at PVSP never posed a significant risk
4  to his health and safety," and, in support, cite a declaration from Dr. F. Igbinosa.  Dr.
5  Igbinosa states that 85% of people who contract valley fever are able to overcome it
6  naturally, and that less than 1% suffer more severe symptoms.[1]  Dkt. #30-2 at 8; Dkt. #30-6
7  at 2.  In his response, Moreno provides no evidence that "the risk of which he complains" is
8  one that today's society would not tolerate, or that the risk to him was substantial.  Indeed,
9  the evidence cited by Moreno, which includes a newspaper article, shows that society does,
10 in fact, tolerate the risk given that "[a]bout 80 prison employees have also contracted the
11 fever."  Dkt. #32 at 14.  By placing a prison and other extensive facilities in the PVSP
12 location, attended by prison employees, officials, and support personnel, as well as inmates,
13 society plainly tolerates the health risks of that location.  The Court takes judicial notice of
14 the fact that PVSP includes not only some 5,000 inmates, but also more than 1,300 staff.  *See*
15 http://www.cdcr.ca.gov/Visitors/Facilities/PVSP-Institution_Stats.html.

16 Summary judgment is appropriate against a party who "fails to make a showing
17 sufficient to establish the existence of an element essential to that party's case, and on which
18 that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  Plaintiff has the
19 burden of showing that the "risk of which he complains is not one that today's society
20 chooses to tolerate."  *Helling*, 509 U.S. at 36.  Because Plaintiff has failed to make such a
21 showing, Defendants is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.

22 **IT IS ORDERED:**

23 1. Defendants' motion for summary judgment (Dkt. #30) is **granted.**

---

[1] Plaintiff states that he "objects to these statistics based on the fact that defendants fail to state any official source of this information, nor how these statistics were produced." Dkt. #32 at 3. These statistics, however, are stated by a doctor who regularly treats patients with valley fever and are asserted under penalty of perjury. Dkt. #30-6 at 1-5. The Court concludes that this is a sufficient evidentiary basis for Dr. Igbinosa's assertions.

1  2. The Clerk of Court shall terminate this action.

2  DATED this 23rd day of March, 2010.

```
                              David G. Campbell
                              United States District Judge
```

- 4 -